UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VELLIS REDDEN**                                                                              **PLAINTIFF**

v.                       **CASE NO. 4:04-CV-676 GTE**

**SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION,
LOCAL 36**                                                       **DEFENDANT**

## ORDER DENYING MOTIONS TO SET ASIDE SUMMARY JUDGMENT ORDER

Presently before the Court is the Plaintiff Vellis Redden's Motion to Set Aside Order Granting Summary Judgment pursuant to Fed. R. Civ. P. 59 and 60. Plaintiff requests the Court set aside its Order granting Summary Judgment in favor of the Defendants allegedly because of particular failures and omissions made by Plaintiff's counsel. This Motion will be denied.

The Summary Judgment Order and corresponding Judgment in favor of the Defendants were both entered on March 7, 2006. Plaintiff's Motion to Set Aside was filed on May 30, 2006. It is clear that Plaintiff failed to file this Motion within ten days of the challenged order or judgment, as set forth in Fed. R. Civ. P. 59(b). Plaintiff acknowledges this deficiency, but states only that compliance with the ten-day deadline was not possible "due to circumstances beyond his control." (Motion to Set Aside, ¶ 2, Dkt. #52). Failing to articulate cause for an enlargement of this time limit, the Court concludes that Plaintiff's Rule 59 Motion for a new trial is untimely. Even if timely filed, the Court concludes that Plaintiff's Rule 59 Motion would be denied.

The Court may set aside a judgment or final order under Fed. R. Civ. P. 60 for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

- 1 -

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Here, Plaintiff essentially protests that his counsel offered inadequate representation and committed errors in the litigation of this case.

The Eighth Circuit has "generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." *Heim v. C.I.R.*, 872 F.2d 245, 247 (8th Cir. 1989). In addition, the alleged evidence that Plaintiff claims was not made available for the Court's consideration does not raise any new issues of material fact or otherwise present circumstances which would convince the Court that relief under Rule 60 would be warranted here.

IT IS THEREFORE ORDERED that the Motions to Set Aside (Dkt. #50. 52) be, and they are hereby, DENIED.

IT IS FURTHER ORDERED that the Motion for Relief (Dkt. #53) be, and it is hereby, DENIED as moot.

Dated this 25th day of August, 2006.

_/s/ Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

- 2 -